## No. 966.

### STATE OF LOUISIANA VS. LOUIS ROUSSEAU.

Under the first section of act No. 94 of the acts of 1873, which fixes the qualifications. of jurors, the judge *a quo* had the discretionary power to decide whether a juror was incompetent to sit in this case on account of his ignorance of the English language.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. *Morgan*, J.   Criminal case.   *Ferréol Perrodin*, District Attorney, for the State, appellee.   *George H. Wells*, for defendant and appellant.

MORGAN, J.   The defendant, convicted of murder, appeals from the sentence which condemns him to be hung.

He relies upon us to reverse the decree against him because he says the court erred, when impaneling the jury, in setting aside *ex proprio motu*, without any challenge, the juror Samuel Cart, solely on account of his want of familiarity with the English-language.

His bill of exceptions to the ruling of the court recites that "on the impaneling of the jury, Samuel Cart, a juror, regularly drawn and summoned on the regular venire of the jury drawn and summoned for said term of said court, was regularly called to the stand and sworn upon his *voir dire*, and examined concerning his qualifications to act as a juror on the trial of said cause.   And on such examination it appearing that the juror's native tongue was French, and that he declared himself not sufficiently familiar with the English language to clearly understand the testimony of witnesses, argument of counsel, and the charge of the court to be given and made in the English language on the trial of said cause, the State, by the district attorney, thereupon stated to the court that he would leave it to the court to decide whether the said juror had sufficient understanding of the English language to render him competent to serve as a juror on the trial of said cause.   And, thereupon, before any order of said court being rendered in the premises, the said defendant and

prisoner, by his counsel, stated to the court and to the district attorney that he would insist, and did insist, that the State, by the district attorney, should either accept said juror or challenge him peremptorily or for cause, and that in case of challenge of said juror by the State for cause, he, the said prisoner, reserved the right to traverse such challenge. And thereupon the court, after further examination of said juror touching his understanding of the English language, declared that in the opinion of the court the said juror did not understand the English language sufficiently to render him competent to serve as a juror on the trial of said cause, and thereupon ordered the said juror to stand aside for that reason, and the said juror was so set aside by the court without any challenge to said juror either peremptorily or for cause having been made by the State through the district attorney."

The law, we think, justifies the action of the judge. Section one of act No. 94 of 1873, which fixes the qualifications of a juror says that "nothing in this section shall be so construed as to deprive the judges of this State of the discretion to decide upon the competency of jurors in particular cases when, from any physical infirmity, or from relationship within the fourth degree, to be computed according to the civil law, *or from ignorance of the English language and inability to understand the same when read or spoken,* or other cause, the juror may be incompetent to sit upon the trial of any particular cause."

Under this statute the judge of the district court could not be deprived of the discretion of deciding upon the competency of the juror. He did decide, and his decision is conclusive.

Judgment affirmed.